UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMLOCK HAT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIESEL POWER GEAR, LLC, DIESEL SELLERZ, LLC, 4X4 ANYTHING, LLC, SPARKS MOTORS, LLC, DAVID W. SPARKS, DAVID KILEY, JOSHUA STUART, AND KEATON HOSKINS, <br><br> Defendants. | Case No.: 19-cv-02422-AJB-AHG <br><br> **ORDER:** <br><br> **(1) GRANTING DEFENDANTS' MOTION TO DISMISS, (Doc. No. 11);** <br><br> **(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, (Doc. No. 14)** |

Diesel Power Gear, LLC ("DPG"), DIESELSellerz.com, LLC ("DIESELSellerz"), 4X4 Anything, LLC ("4X4 Anything"), Sparks Motors, LLC ("Sparks Motors"), David W. Sparks ("Sparks"), David Kiley ("Kiley"), Joshua Stuart ("Stuart"), and Keaton Hoskins ("Hoskins") (collectively referred to as "Defendants") move to dismiss with prejudice Hemlock Hat Company, Inc.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Doc. No. 11.) Plaintiff filed an opposition to Defendants' motion to dismiss. (*See* Doc. No. 14.) Defendants filed a reply in support of the motion. (*See* Doc. No. 17.) Pursuant to Civil Local Rule 7.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons discussed herein, the Court **GRANTS** Defendants'

1

motion to dismiss and **GRANTS** Plaintiff's motion for leave to amend.

## I.      BACKGROUND

Plaintiff was formed in 2016 to design, market, and sell specialty headwear and apparel. (Doc. No. 1-2 at 3.) Plaintiff is a company located in Southern California that "sells various hats throughout the country via its website www.hemlockhatco.com, 2000+ brick and mortar retail locations, amazon.com[,] and other well-known retail channels." (*Id.*) According to Plaintiff, its company is distinguished in the headwear industry because of "its fashionable and unique straw hats featuring under brim designs." (Doc. No. 14 at 2.) Defendants are best known for their reality television show, "Diesel Brothers," which "airs on Discovery Channel and features diesel trucks being modified for recreational use." (Doc. No. 11 at 5.)

Plaintiff alleges that "Defendants were/are manufacturing, producing, marketing, distributing, and/or offering for sale a straw hat" similar to one of Plaintiff's straw hat designs. (Doc. No. 1-2 at 4.) Plaintiff claims that Defendants intentionally copied the American flag inspired design, where "instead of the parallel white-red strip combo, Hemlock's design has a red background with white stripes crossing and overlapping over each other[,]" (alleged copyrighted "Design"). (Doc. No. 14 at 2.) Aside from the "near-identical under the brim design," Plaintiff adds there are numerous other similarities like the "distinctive 6-sided patch on the front of the hat, the color scheme of the patch[,] and the overlap of the under-brim design on the top of the hat[.]" (Doc. No. 1-2 at 4.) On July 26, 2019, Plaintiff sent a cease and desist letter to Defendant DPG. (*Id.* at 5.) Plaintiff asserts Defendants are aware that they do not own the design, but still "attempt[s] to pass it off as their own." (*Id.* at 5.) Plaintiff asserts two claims against Defendants for (1) common law copyright infringement under Cal. Civ. Code § 980, and (2) unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 *et seq.*

//

//

## II.     PROCEDURAL HISTORY

On November 12, 2019, Plaintiff filed its Complaint against Defendants in the Superior Court of California, County of San Diego, alleging claims for common law copyright infringement and unfair competition. (Doc. No. 1-2.) On December 17, 2019, Defendants filed a notice of removal of this action to the United States District Court for the Southern District of California. (Doc. No. 1 at 1.) Then on March 5, 2020, Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11.) Plaintiff opposed the motion, and Defendants replied. (Doc. Nos. 14–17.) This order follows.

## III.     LEGAL STANDARDS

### A. <u>Motion to Dismiss for Failure to State a Claim</u>

Defendants seek Rule 12(b)(6) dismissal of the Complaint on the grounds that Plaintiff does not possess a common law copyright, and that this action is preempted by the Copyright Act (17 U.S.C. § 1 et seq.). (Doc. No. 11 at 8.) A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form

1  of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting
2  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory
3  allegations of law and unwarranted inferences are not sufficient to defeat a motion to
4  dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

5  **B. <u>Motion for Leave to Amend the Complaint</u>**

6  Plaintiff requests leave to file its First Amended Complaint to (1) add other causes
7  of action (i.e., trade dress infringement and business tort where competitor steals the design
8  of a competitor) and (2) add facts arising out of Defendants' fraudulent conduct. (Doc. No.
9  14 at 9.) Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
10 when justice so requires." Fed. R. Civ. P. 15(a). "[T]he grant or denial of an opportunity to
11 amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178,
12 182 (1962). The Court considers five factors when granting leave to amend: bad faith,
13 undue delay, prejudice to the opposing party, futility of amendment, and whether the
14 plaintiff has previously amended the complaint. *See Johnson v. Buckley*, 356 F.3d 1067,
15 1077 (9th Cir. 2004).

16 In applying the factors, "[n]ot all factors merit equal weight." *Eminence Capital,*
17 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[I]t is the consideration of
18 prejudice to the opposing party that carries the greatest weight." *Id*. Defendants bear the
19 burden of showing that they would be unduly prejudiced by the allowance of the
20 amendment. *Id*. "Absent prejudice, or a strong showing of any of the remaining [ ] factors,
21 there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. "A
22 district court does not abuse its discretion when it denies leave to amend where a plaintiff
23 . . . did not propose any new facts or legal theories for an amended complaint and therefore
24 give the Court any basis to allow an amendment." *Boehm v. Shemaria*, 478 Fed. App'x.
25 457, 457 (9th Cir. 2012). When amendment would be futile, the district court need not
26 grant leave to amend. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

27 //
28 //

# IV.   DISCUSSION

## A. __Preliminary Matters__

The Court addresses three procedural issues before discussing the merits of the motion to dismiss: (1) Plaintiff's untimely opposition to the motion to dismiss; (2) Plaintiff's proposal to convert the motion to dismiss to a motion for summary adjudication; and (3) Defendants' motion to strike Plaintiff's declaration.

First, Defendants assert that Plaintiff's response to Defendants' motion to dismiss should be stricken pursuant to Local Rule 7.1(e)(7) because it was filed one month after the deadline without leave to file an untimely response. (Doc. No. 17 at 2.) While Plaintiff's opposition was untimely, this Court will consider Plaintiff's opposition for the sake of deciding the case on the merits, and because Defendants were not prejudiced by the delay. *See Sanchez v. Aurora Loan Servs., LLC*, No. CV1308846MMMRZX, 2014 WL 12589660, at *4 (C.D. Cal. June 10, 2014) ("In the interest of deciding the case on the merits, however, and because defendants were able to file a sixteen-page, substantive reply and do not appear to have been prejudiced by Sanchez's untimely opposition, the court elects to consider the substance of the motion."). The Court, however, reminds Plaintiff that any future filing must be timely filed to be considered. Thus, the Court accepts Plaintiff's response to Defendant's motion to dismiss without deeming the motion unopposed.

Second, Plaintiff asserts that the Court "should consider converting the motion to dismiss into a motion for summary adjudication and then deny the motion based on insufficient time to respond" because Defendants attached two exhibits to their motion, and Plaintiff was not afforded an opportunity for discovery. (Doc. No. 14 at 8–9.) "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001) (internal quotation marks and citations omitted). However, "[w]hen a party submits an indisputably authentic copy of a document, and the document is referred to in the complaint, the Court does not have to convert the motion into a summary judgment motion." *Rose v. Chase Manhattan*

5

*Bank USA*, 396 F. Supp. 2d 1116, 1119 (C.D. Cal. 2005), aff'd, 513 F.3d 1032 (9th Cir. 2008).

Here, Defendants attached as exhibits Plaintiff's cease and desist letter, and Defendants' response to the cease and desist letter. (Doc. No. 11, Exhibits 1–2.) Although Plaintiff does not dispute the authenticity of both documents, it argues that attachment of the letters warrant conversion to a summary adjudication motion. However, both these documents were referenced in Plaintiff's Complaint. First, Plaintiff expressly refers to the cease and desist letter sent to Defendant DPG in the Complaint. (Doc. No. 1-2 at 8.) Additionally, Defendant's response to the cease and desist letter is also referenced when Plaintiff mentioned "Defendants willingly complied with Hemlock's request to remove the Infringing Hat from Diesel Online Store[.]" (*Id.* at 9); *see Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) ("[A] court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part."). Thus, the Court finds that Defendants' attachment of the letters to their motion to dismiss does not warrant converting the instant motion into one for summary adjudication.

Third, Defendants move to strike the declaration of Anthony Lora ("the Lora Declaration") attached to Plaintiff's opposition to the motion to dismiss. (Doc. No. 17 at 3.) Defendants argue that "Plaintiff should not be allowed to supplement their deficient complaint with a Declaration and convert this motion into one for summary judgment." (*Id.* at 4.) To reiterate, the Court may not consider any material beyond the pleadings. *See Lee*, 250 F.3d at 688. "In reviewing the district court's dismissal of the complaint [the court] consider[s] *only* the contents of the complaint, taking as true all the allegations of material fact." *Cooper*, 137 F.3d at 622 (emphasis added). Here, the Lora Declaration adds new facts not alleged or mentioned in the Complaint. Indeed, the declaration provides that Plaintiff attempted to resolve the matter, and then proceeds to add details explaining that the alleged infringing hat was of limited publication. (Doc. No. 15 at 1–2.) None of this is referenced in the Complaint. Thus, the Court declines to consider the Lora Declaration and **GRANTS** Defendants' motion to strike. *See Jones v. Carraby*, No. 18-CV-1609-

6

AJB(WVG), 2019 WL 1950373, at *4 (S.D. Cal. May 1, 2019) ("However, since none of these details appear in the Complaint, the Court cannot consider them because new facts contained in a declaration [are] outside of the four corners of the Complaint.").

**B. <u>Plaintiff's Common Law Copyright and Unfair Competition Claims Are Preempted by the Copyright Act</u>**

Having addressed the foregoing preliminary issues, the Court turns to the merits of Defendants' motion to dismiss. Defendants move to dismiss Plaintiff's common law copyright infringement and UCL claims because Defendants argue that the federal Copyright Act preempts Plaintiff's state law claims. It must be noted that Plaintiff does not allege or set forth any facts that it has a claim under the federal statutory Copyright Act (17 U.S.C. § 1 et seq.) as Plaintiff does not have a registration for the Design. The Court will assess the viability of Plaintiff's common law copyright and unfair competition claims in different sections below.

1. *Plaintiff's Common Law Copyright Infringement Claim*

First, Plaintiff asserts it has a common law copyright infringement claim under Cal. Civ. Code § 980. Defendants argue that Plaintiff lost its common law copyright protection because Plaintiff affixed the Design in a tangible medium and made a "general publication." Section 980 provides:

> (a)(1) The author of any original work of authorship that is not fixed in any tangible medium of expression has an exclusive ownership in the representation or expression thereof as against all persons except one who originally and independently creates the same or similar work . . . . (b) The inventor or proprietor of any invention or design, with or without delineation, or other graphical representation, has an exclusive ownership therein, and in the representation or expression thereof, which continues so long as the invention or design and the representations or expressions thereof made by him remain in his possession.

Cal. Civ. Code § 980. Neither party disputes the Design is affixed in a tangible medium, i.e., the straw hat. Plaintiff, however, appears to argue that it has exclusive ownership of the Design, that the Design remains in its possession, and that it did not make a "general

7

publication" of the Design. (Doc. No. 14 at 4.)

Under the common law copyright protections created by section 980, an author may extinguish his common law copyright protection upon "general publication." *See Zachary v. W. Publ'g Co.*, 75 Cal. App. 3d 911, 920 (Ct. App. 1977). "General publication" is "dissemination of the work of art itself among the public, as to justify the belief that it took place with the intention of rendering such work common property." *Id.* (internal quotations and citations omitted). A limited publication, by contrast, "is one which communicates a knowledge of its contents under conditions expressly or impliedly precluding its dedication to the public." *Carpenter Found. v. Oakes*, 26 Cal. App. 3d 784, 795 (1972). A publication is limited only where the work was distributed "(1) to a 'definitely selected group,' and (2) for a limited purpose, (3) without the right of further reproduction, distribution or sale." *White v. Kimmell*, 193 F.2d 744, 746–47 (9th Cir. 1952); *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1452 (9th Cir. 1991).

As a preliminary matter, it is unclear whether Plaintiff intended to argue that Defendants had made a limited publication, or if rather Plaintiff itself made a limited publication. (*See e.g.*, Doc. No. 14 at 4 ("Here, sale of the Infringing Hat was a limited publication and Hemlock therefore still owns the common law copyright to the design.").) However, the Court notes that the focus of the general/limited publication analysis is on Plaintiff's conduct, and not Defendants' activities. *Cf. Zachary*, 75 Cal. App. 3d at 925–26 ("What is relevant to the issue of publication is whether [*plaintiff's*] *conduct* could justify the belief that his intent was to render the material common property.") (emphasis added).

To the extent Plaintiff meant to argue that its own publication was limited, the Court concludes the Design was generally published when Plaintiff started selling and distributing the Design affixed in straw hats through various online and retail channels. *See Fashion Originators Guild of Am. v. Fed. Trade Comm'n*, 114 F.2d 80, 84 (2d Cir. 1940), aff'd, 312 U.S. 457 (1941) ("To embody a design in a dress or a fabric, and offer the dress for general sale was [general] 'publication[.]'"). Conceding that straw hat manufacturers do not make limited productions, (Doc. No. 1-2 at 10), Plaintiff's selling and distribution

8

of the Design in large scale quantities "destroyed whatever rights [it] had . . . under the common law copyright." *McIntyre v. Double-A Music Corp.*, 166 F. Supp. 681, 682 (S.D. Cal. 1958) (holding plaintiff has no common law copyright cause of action because plaintiff made an unlimited sale of the musical arrangement at issue).

Plaintiff's attempt to argue limited publication by stating that the Design was only sold to a selected group—to "only those individuals who purchased the Infringing Hat"— is unavailing. (Doc. No. 14 at 4.) Even if the Court considered the stricken Lora Declaration setting forth the facts for a limited publication, "[t]o qualify as a 'selected group,' those receiving the work must be more than just customers self-selected by their desire to purchase the work. Otherwise, 'all the purchasers of the work' would qualify as a 'selected group,' and all publications would be limited publications." *Unix Sys. Labs., Inc. v. Berkeley Software Design, Inc.*, No. 92-1667, 1993 WL 414724, at *13 (D.N.J. Mar. 3, 1993) (citations omitted).

Thus, because the Court finds Plaintiff does not own a common law copyright, Plaintiff's claim for common law copyright infringement must be dismissed. The Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's common law copyright infringement claim **WITHOUT LEAVE TO AMEND**.

### 2. *Plaintiff's Unfair Competition Law ("UCL") Claim*

Second, Defendants argue that Plaintiff's UCL claim is preempted by the federal Copyright Act (17 U.S.C. § 1 et seq.). (Doc. No. 11 at 4.) In opposition, Plaintiff asserts "Defendants were/are passing off the Infringing Hat as if it belongs to them[,]" (Doc. No. 1-2 at 11), thereby arguing its claim survives preemption because "passing off" is based on the additional element of fraud not present in the federal Copyright Act. (Doc. No. 14.)

There is a two-part test to determine whether a state law claim is preempted. "First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). "To survive preemption, the

9

state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1116 (W.D. Wash. 2010).

In light of the Court's conclusion that Plaintiff has failed to state a claim under common law copyright, the protected right Plaintiff asserts falls within the subject matter of the federal Copyright Act. Therefore, the remaining issue involves the second part of the preemption test. Plaintiff relies primarily on Defendants' alleged fraudulent conduct as an extra element different from the federal Copyright Act. (Doc. No. 14 at 6.) However, the acts underlying Defendants' alleged wrongdoing "in essence merely assert a protectable copyright interest" in the Design. *Trenton v. Infinity Broad. Corp.*, 865 F. Supp. 1416, 1428 (C.D. Cal. 1994). Plaintiff has no claim under the UCL because it is based entirely upon Plaintiff owning a common law copyright of the Design. Accordingly, the nature of Plaintiff's UCL claim is not qualitatively different from its copyright infringement claim, and thus preempted by the Copyright Act. *See Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1030 (C.D. Cal. 2007) ("According to the Ninth Circuit, to the extent that a claim for unfair competition is not qualitatively different from a copyright claim, it is preempted by federal copyright law.").

For the reasons set forth above, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's UCL claim based on common law copyright infringement **WITHOUT LEAVE TO AMEND**.

## C. **Plaintiff Requests Leave to Amend to Add New Facts and a New Cause of Action**

Having dismissed both of Plaintiff's claims, the Court turns to Plaintiff's request for leave to amend. Plaintiff requests leave to add new facts arising out of Defendants' fraudulent conduct, and new causes of action such as trade dress infringement and/or other business tort claims. (Doc. No. 14 at 9.)  Defendants argue generally that "dismissal should be with prejudice since any amendment would be futile because the underlying facts to this lawsuit require Hemlock to possess a registered copyright, which it does not own." (Doc.

No. 17 at 5.)

As this is Plaintiff's first request to amend its Complaint, and Defendants do not explain how an amendment would be prejudicial, the Court will allow an amendment at this early stage of litigation. Moreover, amendment is not necessarily futile because Plaintiff could plead additional facts in support of a new cause of action, such as a trade dress infringement claim, which does not require a registered trademark. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *Metabyte, Inc. v. NVIDIA Corp.*, No. 12-0044 SC, 2013 WL 1729808, at *6 (N.D. Cal. Apr. 22, 2013) ("Plaintiff may seek leave to amend under Rule 15 if it wishes to assert a different theory of Defendants' liability[.]"). After review of the proposed amendment, the Court finds it appropriate to **GRANT** Plaintiff's request for leave to amend its Complaint. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading.").

### D. <u>Other Pleading Deficiencies</u>

Finally, although the Court has already determined that both Plaintiff's claims fail, for the sake of judicial economy, the Court will note other general deficiencies Plaintiff must avoid in any Amended Complaint. Defendants maintain "[t]he Court should dismiss the Complaint and require Plaintiff to refile it with a more definite statement of its claims under Rule 12(e)." (Doc. No. 11 at 17.) Defendants argue that, aside from DPG, there is "[n]o cognizable injury alleged against Sparks Motors, DIESELSellerz, and 4x4 Anything" (collectively referred to as "Other Company Defendants"). (Doc. No. 11 at 13.) Additionally, Defendants assert that Sparks, Kiley, Stuart, and Hoskins (collectively referred to as "Individual Defendants") are not personally liable for actions taken on behalf of the companies. (*Id*. at 15.)

First, the Complaint only names these Other Company Defendants, (Doc. No. 1-2 at 5,) and does not provide any specificity as to how they are implicated in the production and selling of the alleged infringing straw hats. Plaintiff merely offer conclusory allegations that "Defendants copied, used, and/or reproduced copyrighted Design on the Infringing

11

Hat, which it sold to customers via the Diesel Online Store[.]" (Doc. No. 1-2 at 10.) This improper lumping of all defendants together is insufficient for the Court to "draw the reasonable inference that the [Other Company Defendants are] liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Second, Defendants correctly argue that the Complaint does not allege personal liability as to Individual Defendants because the Complaint is vague in alleging specific activities that were done outside the scope of Individual Defendants' employment. (Doc. No. 11 at 16.) In response, Plaintiff advances its argument under the *respondeat superior* doctrine, arguing that "[k]nowledge of the agents/employees is imputed to the [I]ndividual Defendants[.]" (Doc. No. 14 at 7.) Plaintiff alleges that an employee or agent of Individual Defendants, or one of Individual Defendants themselves, decided to intentionally copy the Design. (*Id*. at 8.) Under *respondeat superior*, "[a] master is subject to liability for the torts of his servants committed while acting in the scope of their employment." Restatement (Second) of Agency § 219 (1958). "A common application of this doctrine is the liability of an employer for a tort committed by one of its employees acting within the scope of his employment, or for a misleading statement made by an employee or other agent who has actual or apparent authority." *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1577 n.28 (9th Cir. 1990). Here, Plaintiff presented conflicting arguments because it is unclear whether Plaintiff alleges Individual Defendants were acting as the principal or the agent, and additionally what actions were taken by which individual. (*See e.g.*, Doc. No. 1-2 ¶ 21 ("Upon information and belief, Defendants, or some of them, use their fame and brash personas to drive traffic to the Diesel Online Store to sell various products.").

Accordingly, the Other Company Defendants and Individual Defendants are **DISMISSED**. Should Plaintiff include any claims against these Defendants in the Amended Complaint, Plaintiff must avoid the foregoing deficiencies noted above.

## V.   CONCLUSION

For the reasons stated herein, the Court: (1) **GRANTS** Defendants' motion to dismiss the common law copyright infringement claim **WITHOUT LEAVE TO**

12

**AMEND**; (2) **GRANTS** Defendants' motion to dismiss the UCL claim based on common law copyright infringement **WITHOUT LEAVE TO AMEND**; (3) **GRANTS** Defendants' motion to dismiss Individual and Other Company Defendants **WITH LEAVE TO AMEND**; and (4) **GRANTS** Plaintiff's motion for leave to file an Amended Complaint to add facts regarding the fraud claim, and a trade dress infringement claim. Plaintiff will have **twenty-one (21) days** from the date of this Order to file its Amended Complaint addressing the deficiencies noted herein. Failure to file an Amended Complaint will result in dismissal of this case.

   **IT IS SO ORDERED.**

Dated:  November 25, 2020

Hon. Anthony J. Battaglia
United States District Judge